**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CIVIL NO. 04-0170-WS-L** |
| | ) | |
| **TONY RAVELO,** | ) | **CRIMINAL NO. 96-0181** |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on petitioner Tony Ravelo's Motion for Certificate of
Appealability (doc. 241).

**I.      Background.**

In March 1998, a jury in the Southern District of Alabama found Ravelo guilty of conspiracy to
import cocaine, in violation of 21 U.S.C. § 963 and 18 U.S.C. § 2.  Five months later, petitioner was
sentenced to a term of life imprisonment based on the sentencing judge's finding that Ravelo was
capable of and intended to import in excess of 150 kilograms of cocaine.

After exhaustion of his direct appeals, Ravelo filed a timely petition to vacate, set aside or
correct his sentence pursuant to 28 U.S.C. § 2255.  The petition identified four grounds of alleged
ineffective assistance of counsel, including the following: (a) trial counsel was ineffective in failing to
object under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), that the indictment
failed to charge drug quantity and the jury was not instructed on the element of drug quantity; (b) trial
counsel was ineffective in failing to object that law enforcement officers conducted an illegal warrantless
search and seizure; (c) trial counsel was ineffective in failing to object to a magistrate judge conducting
jury selection without petitioner's consent; and (d) trial counsel was ineffective in allowing the
Government to recover on the forfeiture count of the indictment without judicial authorization or a jury
verdict of forfeiture.

In May 2004, approximately six weeks after filing his § 2255 petition, Ravelo filed a Motion to
Stay, requesting that his collateral attack be stayed while he petitioned the Supreme Court for a writ of

certiorari relating to his direct appeal, which the Eleventh Circuit had denied in June 2002.  Ravelo

contended that, because an oversight by the Eleventh Circuit Clerk's Office, he did not receive notice

of the Eleventh Circuit's one-sentence order of June 20, 2002 denying his petition for rehearing until

May 2003, when counsel advised him in writing of that development.  The record does not reflect that

petitioner ever filed a petition for writ of certiorari to the Supreme Court relating to the Eleventh

Circuit's June 2002 order at any time prior to the denial of his § 2255 petition.

On April 8, 2005, the Court entered an Order (doc. 240) denying Ravelo's Motion to Stay

and likewise denying his Motion to Vacate pursuant to 28 U.S.C. § 2255.  With regard to the Motion

to Stay, the Court opined that it would be the height of futility to stay these post-conviction proceedings

to allow Ravelo to seek Supreme Court review of an decision entered by the Eleventh Circuit nearly

three years ago on direct appeal.  The Court stated that it was unaware of any precedent that might

allow a litigant to delay filing a certiorari petition for nearly two years after receiving actual notice of the

judgment from which appeal is taken, and that any appeal taken now would inevitably be rejected as

untimely.  As for the merits of petitioner's § 2255 motion, the Court found that his *Apprendi* claim

failed on its face because it had been expressly rejected by the Eleventh Circuit on direct appeal, his

search and seizure claim failed because trial counsel did in fact move to suppress the fruits of that

search, his claim relating to jury selection failed because petitioner consented in writing to having a

magistrate judge preside over jury selection, and his forfeiture claim failed because § 2255 petitions

cannot challenge forfeiture rulings and because Ravelo agreed on the record to the forfeiture in this

case.

Ravelo now comes forward with a Motion for Certificate of Appealability (doc. 241) identifying

five grounds on which he believes certification is warranted.  In particular, Ravelo seeks leave to pursue

the following issues on appeal of the April 8 Order: (i) whether the Court erroneously denied the

Motion to Stay; (ii) whether the Court's decision as to the *Apprendi* issue results in manifest injustice

given subsequent Supreme Court decisions in *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and

*United States v. Booker*, 125 S.Ct. 738 (2005); (iii) whether the Court erred in rejecting petitioner's

claim predicated on a magistrate judge presiding over jury selection; (iv) whether trial counsel was

-2-

ineffective in "failing to perfect" defendant's search and seizure argument; and (v) whether the Court erred in "not entertaining" petitioner's ineffective assistance claim relating to the forfeiture issue. (Motion, at 3-10.)

## II.    Legal Standard for Certificate of Appealability.

It is well established that a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997). "The entire point of § 2253's COA requirement is to eliminate those appeals that have little or no merit, thereby preserving judicial resources." *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004); *see also Gonzalez v. Secretary for Dept. of Corrections*, 366 F.3d 1253, 1267 (11th Cir. 2004) ("More than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle."). This standard is "materially identical" to that governing certificates of probable cause under the former 28 U.S.C. § 2253. *Hardwick,* 126 F.3d at 1313. In the context of certificates of probable cause, the Supreme Court defined the requirement of "a substantial showing of the denial of a federal right" to mean that the applicant must raise an issue that is debatable among jurists of reason. *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

> "In requiring a 'question of some substance,' or a 'substantial showing of the denial of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits. . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Id.* (citations omitted). More recently, the Supreme Court echoed this interpretation in the context of a COA, opining that § 2253's "substantial showing" requirement means that a habeas petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (adopting and applying *Slack* standard). Where a district judge rejects constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find

-3-

the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338.

**III.    Analysis.**

    *1.    Request for COA Relating to Denial of Stay.*

    No COA is warranted on the stay issue for three distinct reasons.  First, issuance of COAs in § 2255 proceedings is proper only as to "final orders."  *See* 28 U.S.C. § 2253(c)(1)(B) (providing that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255").  Typically in § 2255 proceedings, "the district court's order granting or denying post-conviction relief will be the final order." *Pagan v. United States*, 353 F.3d 1343, 1345 (11th Cir. 2003).  The denial of a Motion to Stay is not a "final order" for COA purposes; therefore, no COA is warranted on that basis.[1]

    Second, even if the denial of his Motion to Stay were an appealable order in § 2255 proceedings, no COA should issue.  The law is clear that the decision to grant or deny stays or continuances rests in the trial court's discretion.  In general, "denial of a continuance is within the broad discretion of the district court and will not be overturned unless arbitrary or unreasonable." *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1351 (11th Cir. 2003); *see also Van Poyck v. Florida Dept. of Corrections*, 290 F.3d 1318, 1326 (11th Cir. 2002) ("The decision of whether to grant a continuance is reserved to the sound discretion of the trial court").  Moreover, "to establish that a denial of a continuance was reversible error, a defendant must show that the denial

---

[1]    The Court recognizes that certain "collateral orders" are appealable in the § 2255 context provided that they (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) are effectively unreviewable on appeal from the final judgment. *See Pagan*, 353 F.3d at 1345.  Assuming that the Order denying the Motion to Stay satisfies the first two prongs of the *Pagan* "collateral order" standard, the third criterion is lacking.  After all, in conjunction with his appeal of the denial of his § 2255 petition, Ravelo could presumably move for a stay in that forum, and the Eleventh Circuit presumably could stay the case then to allow Ravelo to pursue an extraordinarily untimely petition for writ of certiorari relating to his long-concluded direct appeal.  In that scenario, Ravelo would not incur any prejudice whatsoever.  As such, it is evident that the denial of his Motion to Stay is not effectively unreviewable on appeal from the final judgment, and that the collateral order doctrine is therefore inapplicable here.

caused specific substantial prejudice." *Van Poyck*, 290 F.3d at 1326.  The Court is of the opinion that no jurist of reason could deem it arbitrary or unreasonable for this Court to deny Ravelo's request for a stay of his post-conviction proceedings while he pursues a petition for writ of certiorari relating to an Eleventh Circuit order entered three years ago, as to which petitioner possessed actual knowledge two years ago.  Even if a jurist of reason could make such a leap, he could not possibly find that Ravelo has shown "specific substantial prejudice" arising from the denial of such a stay, where Ravelo has never identified any colorable basis on which a writ of certiorari might be issued.  The Court will not grant Ravelo's request for COA on this basis.

Third, the Court is reminded that a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make any showing that denying his Motion to Stay has in any way infringed upon his constitutional rights.  Although Ravelo cites his "due process right to proceed to the Supreme Court" (Motion, at 4), nothing in the April 8 Order would forbid him from doing so.  Ravelo has been free to vindicate this right ever since he first received actual knowledge in May 2003 that the Eleventh Circuit had denied his petition for rehearing in connection with his direct appeal.  This Court has neither blocked nor impaired his ability to do so.  If Ravelo's due process rights have been compromised at all, it has been through his own inaction in failing to file a petition for certiorari at any time during the last two years, rather than through any ruling by this Court.

For all of these reasons, Ravelo's Motion for COA is **denied** as to the stay issue.

2.      *Request for COA Relating to* Apprendi *Issue*.

Petitioner also seeks a COA relating to his claim that trial counsel rendered ineffective assistance by not lodging an *Apprendi* objection to the indictment's failure to charge drug quantity and the jury instructions' failure to instruct the jury on the element of drug quantity.  This Court concluded that § 2255 relief was not merited on this ground because the Eleventh Circuit considered and rejected petitioner's *Apprendi* claim on direct appeal, such that his trial counsel could not have rendered ineffective assistance, as a matter of law, in failing to propound such meritless objections at trial.

Ravelo nonetheless contends that he is entitled to a COA on this question because the Supreme

-5-

Court's recent *Booker* and *Blakely* decisions establish that the Eleventh Circuit's "judgment denying Ravelo relief under *Apprendi* is demonstrably wrong." (Motion, at 5.)  This argument neglects to account for two insuperable obstacles.  First, a veritable mountain of precedent confirms that the *Blakely* and *Booker* decisions are not available to criminal defendants whose convictions were final before those decisions were announced.  *See Booker*, 125 S.Ct. at 769 ("we must apply today's holdings--both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act--***to all cases on direct review***") (emphasis added); *Varela v. United States*, 400 F.3d 864, 868 (11ᵗʰ Cir. 2005) ("*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review.").[2]  Ravelo's conviction having clearly become final prior to both the *Booker* and *Blakely* decisions, he cannot avail himself of them in these § 2255 proceedings.

Second, even if *Booker* and *Blakely* did apply, Ravelo's argument for postconviction relief would necessarily be that his trial counsel back in 1998 rendered ineffective assistance in failing to foretell that the Supreme Court would hand down the *Booker* and *Blakely* decisions seven and six years later, respectively.  This type of omission cannot be constitutionally defective performance, as a matter of law.  *See United States v. Ardley*, 273 F.3d 991, 993 (11ᵗʰ Cir. 2001) (describing "a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel."); *see also Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11ᵗʰ Cir.1994) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.") (citations omitted); *Aird v. United States*, 339 F. Supp.2d 1305, 1312-13 (S.D. Ala. 2004) ("As a matter of law, the *Blakely* ruling cannot give rise to a viable claim of ineffective assistance of counsel

---

[2]        *See also Garfield v. United States*, 2005 WL 1130342, *1 (11ᵗʰ Cir. May 13, 2005) (explaining that "*Booker*'s [and *Blakely*'s] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review"); *Humphress v. United States*, 398 F.3d 855, 860 (6ᵗʰ Cir. 2005) ("we conclude that *Booker*'s rule does not apply retroactively in collateral proceedings"); *McReynolds v. United States*, 397 F.3d 479, 481 (7ᵗʰ Cir. 2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005.").

based on trial or appellate counsel's failure to object to events that *Blakely* may have rendered unconstitutional years later.").[3]  For both of these reasons, no COA is warranted on petitioner's ineffective assistance claim predicated on alleged *Apprendi* violations.

     *3.     Request for COA Relating to Jury Selection.*

     As his third basis for seeking a COA, Ravelo raises a brand-new theory of ineffective assistance of counsel.  In his § 2255 petition, Ravelo claimed that trial counsel had rendered ineffective assistance in "failing to raise the issue of [whether] the magistrate judge, who is not an Article III judge, erred by [p]residing over and making rulings in reference to the jury selection without consent from the petitioner."  (Motion to Vacate (doc. 225), at 4.)  That argument was quickly dispatched by reference to a consent form signed by petitioner and expressly assenting to magistrate judge jurisdiction over jury selection.

     Recognizing the infirmities in his initial stance, Ravelo now reframes the argument by requesting a COA on the question of whether he knowingly and voluntarily waived his right to have a magistrate judge preside over jury selection, and whether his counsel properly advised him of the consequences of such a waiver.  This is a new argument, and a new basis for post-conviction relief.  New claims not previously asserted in a § 2255 petition but raised for the first time on appeal or in a request for COA are generally not considered.  *See, e.g., Thomas v. Crosby*, 371 F.3d 782, 800 (11th Cir. 2004) (noting that when habeas petitioner seeks COA on issue that he failed to present at district court level, he has waived his right to have appeals court consider such issue); *King v. United States*, 565 F.2d 356, 358 (5th Cir. 1978) (explaining that newly presented issues that were not raised in district court will not be considered on appeal from denial of motion to vacate and set aside sentence); *see also United States v. Faubion*, 19 F.3d 226, 232 n.31 (5th Cir. 1994) (where § 2255 petitioner failed to present claims to district court, she waived right to present them on appeal).  A request for COA is not properly employed as a means of achieving *de facto* amendment of a failed § 2255 petition, yet that is

---

     [3]     This conclusion holds regardless of how meritorious the underlying claim might be. Indeed, "the rule that it is not ineffective assistance for an attorney to fail to foresee a change in the law applies even when the change is such that the forfeited issue was, in hindsight, a sure fire winner." *Ardley*, 273 F.3d at 993.

precisely what Ravelo is attempting here.  Simply put, his Motion for COA appears to be a backdoor
attempt to file a second or successive petition, and must be evaluated as such.  *See United States v.
Miles*, 2001 WL 1580951, *1 (10th Cir. Dec. 12, 2001) ("The issues Mr. Miles raised for the first
time in his post-judgment application for COA in the district court were properly construed as
presenting a second or successive petition for habeas relief, which may only be filed upon authorization
from this court.").  Of course, Ravelo is precluded from filing a successive petition without the
permission of the Eleventh Circuit, which he has not obtained.  *See Farris v. United States*, 333 F.3d
1211, 1216 (11th Cir. 2003) ("The AEDPA provides that, to file a second or successive § 2255
motion, the movant must first file an application with the appropriate court of appeals for an order
authorizing the district court to consider it.").  The request for COA on this issue is unfounded.

> 4.      *Request for COA Relating to Search and Seizure.*

Ravelo also stated as a ground for § 2255 relief that trial counsel had been ineffective in failing
to object to a purportedly illegal search and seizure at petitioner's residence.  In denying this ground for
relief, the Court emphasized that petitioner's counsel could not have rendered ineffective assistance on
this basis because he in fact did file and litigate a motion to suppress relating to that search and seizure.

Petitioner now seeks a COA on this claim, arguing that notwithstanding trial counsel's having
raised and fully litigated the Fourth Amendment issue before trial, his performance was still
constitutionally defective because counsel "fail[ed] to perfect the search warrant issue."  (Motion, at 8.)
Ravelo's use of the term "perfect" is ambiguous; however, review of petitioner's argument in its entirety
suggests that he accuses counsel of defective performance for not <u>successfully</u> raising the Fourth
Amendment issue.  Petitioner does not ascribe any specific acts or omissions to trial counsel's
presentation of the search and seizure issue.  He does not allege that trial counsel overlooked any
particular arguments or evidence in connection with the motion to suppress.  Thus, it is evident that
Ravelo's dissatisfaction is not with the manner or nature of trial counsel's advocacy relating to the
search and seizure issue, but rather with the outcome of that advocacy.  Apparently, Ravelo contends
that any reasonable attorney would have been able to suppress the evidence, and that his attorney must
have been constitutionally defective because he did not prevail in that quest.  The Court is unaware of

any precedent that would embrace or authorize such a results-driven standard for assessing the constitutional sufficiency of a defendant's legal representation. At any rate, the Court is satisfied that no reasonable jurist could debate whether Ravelo has made a sufficient showing that trial counsel's performance relating to the Fourth Amendment issue was constitutionally deficient. *See United States v. Litteral*, 910 F.2d 547, 554 (9th Cir. 1990) (finding *Strickland* test not satisfied where counsel adequately presented motion to suppress, even though he could have more effectively developed certain facts); *see generally Conklin v. Schofield*, 366 F.3d 1191, 1204 (11th Cir. 2004) (recognizing "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). No COA will be issued on this ground for relief.

       *5.      Request for COA Relating to Forfeiture.*

       Finally, Ravelo requests a COA on the ineffective assistance claim relating to the forfeiture count of the indictment. As framed in the § 2255 petition, this ground alleges that "his attorney was ineffective for allowing the government to illegally seize and forfeit his property, without having probable cause and judicial authority to do so, and when the jury did not enter a verdict of forfeiture for the same property." (Motion to Vacate, at 5.)

       The Court remains of the opinion, based on the numerous authorities set forth in the April 8 Order, that a claim of ineffective assistance predicated on a forfeiture count is not properly raised in § 2255 proceedings, and that, even if it were, there was no ineffective assistance here because Ravelo expressly consented to the forfeiture on the record at trial. To the extent that Ravelo is attempting to recast this ground for relief to state that his consent to the forfeiture was involuntary or that there was a technical defect in the final judgment of forfeiture signed by Judge Vollmer in November 1998, this effort constitutes a new ground for relief that fails for the reasons set forth in Section 3, *supra*. The Court finds that no reasonable jurist could debate whether petitioner's ineffective assistance claim relating to the forfeiture provisions deserves encouragement to proceed further. Accordingly, no COA will be issued as to this claim.

**IV.    Conclusion.**

For all of the foregoing reasons, the Motion for Certificate of Appealability (doc. 241) is **denied**.

**DONE** and **ORDERED** this 17th day of June, 2005.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE